USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN REDNER,

                      Plaintiff,

-v.-

CITY OF MIDDLETOWN et al.,

                      Defendants.

19 Civ. 07605 (JHR)

ORDER OF DISMISSAL

---

JENNIFER H. REARDEN, District Judge:

      Plaintiff John Redner brings this action asserting Section 1983 and other claims against the City of Middletown, New York; the Middletown Police Department; and unnamed John Doe police officers arising out of a February 22, 2018 police chase. *See* ECF No. 1. For the reasons set forth below, the Court dismisses the action without prejudice for failure to prosecute.

## I.    PROCEDURAL HISTORY

      On August 14, 2019, Plaintiff initiated this action by filing the Complaint. *See* ECF No. 1. On September 30, 2019, Defendants answered the Complaint. ECF No. 8. On January 23, 2020, Plaintiff amended the Complaint to, among other things, add the State of New York and the New York State Police as Defendants. ECF No. 13. On January 27, 2020, Defendants City of Middletown, Middletown Police Department, and John Doe police officers answered the Amended Complaint. ECF No. 14. On February 23, 2021, the Court so-ordered a stipulation dismissing certain claims. ECF No. 24. On March 17, 2021, Plaintiff's then-counsel moved to withdraw as Plaintiff's counsel of record and for a 90-day stay of the case to allow Plaintiff to find new counsel. *See* ECF Nos. 25, 30. The Court set a deadline for responsive papers and stayed the case. ECF No. 28. On June 8, 2022, the Court granted Plaintiff's counsel's request to withdraw, noting that the Court had "received nothing whatever" from Plaintiff and that the case had been stayed "for over a year." ECF No. 31 (June 8, 2022 Order).

The June 8, 2022 Order also provided that Plaintiff "ha[d] until September 1, 2022 to retain a new lawyer to represent [him] in this matter" and that failure to obtain new counsel by then would require him "to prosecute this action by [him]self." *Id.* In addition, the Order cautioned that the fact that Plaintiff was "not an attorney, or [was] incarcerated . . . w[ould] not excuse [him] from complying with all the rules and orders of the court." *Id.* The Court "mail[ed] this decision to Mr. Redner at the address provided by his now-former attorney"—19A1025, Mohawk Correctional Facility, 6514 NY-26, Rome, New York, 13440, *id.*—but it was returned to sender on June 22, 2022, *see* June 22, 2022 ECF Entry. The June 8, 2022 Order further directed that, "[i]f either Mr. Redner's now former attorney or the Corporation Counsel has an updated address for Mr. Redner, they should contact chambers and provide it." June 8, 2022 Order at 1-2. To the Court's knowledge, no updated address was ever provided.

On January 13, 2023, following reassignment of the case to this Court,[1] the Court ordered the parties to file a joint letter by January 27, 2023 "updating the Court on the status of the case." ECF No. 32. Plaintiff failed to comply. On January 19, 2023, Defendants reported that, since the withdrawal of Plaintiff's counsel, they "ha[d] not heard from Plaintiff (or any new counsel representing him) in any manner whatsoever." ECF No. 33 at 1 (further stating that, apart from medical records, "no formal discovery . . . [had ever been] exchanged"). Defendants' counsel also represented that he had "checked the State Prison system, and the website indicates that [Plaintiff] has been released." *Id.* Counsel had "no idea" where Plaintiff was. *Id.*

On March 11, 2024, the Court issued an Order directing Plaintiff to show cause by April 1, 2024 "why this action should not be dismissed for failure to prosecute." ECF No. 34 at 2 (March 11, 2024 Order). The March 11, 2024 Order warned that "**[f]ailure to show such good cause, or otherwise indicate an intention to proceed with the lawsuit, may result in dismissal of the case**

---

[1] The Honorable Colleen McMahon was originally assigned to this case.

for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure." *Id.* (emphasis in original).  The March 11, 2024 Order was also mailed to Plaintiff, *id.*, but was returned to sender, *see* March 26, 2024 ECF Entry.

## II. DISCUSSION

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss an action with prejudice due to a plaintiff's failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251.

In considering a Rule 41(b) dismissal, courts weigh five factors:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  "[N]one of the five factors is separately dispositive[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).  Having carefully considered each of these factors, the Court concludes that dismissal is warranted.  *See Lucas*, 84 F.3d at 535.

"The first factor to be examined breaks down into two parts:  (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255.  Plaintiff's delay of two years in prosecuting this case favors dismissal.  *See id.* ("[P]laintiff's 17-month delay was significant."); *see also Hibbert v. Apfel*, No. 99 Civ. 4246

3

(SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (holding that six-month delay justified dismissal where plaintiff had "proffered no explanation for her apparent abandonment of her case, nor . . . made any attempt to contact th[e] Court or [the] defendant").

Second, Plaintiff was "on notice" from the March 11, 2024 Order "that failure to comply would result in dismissal." *See Lucas*, 84 F.3d at 535; March 11, 2024 Order. The Court warned Plaintiff that "failure to show . . . good cause . . . may result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41[.]" March 11, 2024 Order. The June 8, 2022 Order previously notified Plaintiff that a failure to obtain new counsel would require him "to prosecute this action by [him]self" and cautioned that "the fact that [Plaintiff] [was] not an attorney, or [was] incarcerated . . . w[ould] not excuse [him] from complying with all the rules and orders of the court." June 8, 2022 Order at 2. Plaintiff did not take any action in response to either Order. *See Floyd v. Rosen*, No. 21 Civ. 1668 (KMK), 2022 WL 3214926, at *2 (S.D.N.Y. Aug. 9, 2022) (dismissing *pro se* case for failure to prosecute three months after "Plaintiff was first offered the opportunity to file an amended complaint"). "While it is possible that Plaintiff has not received these Orders, this is due to Plaintiff's failure to keep his mailing address current; it is clear that this case cannot proceed if the Court and defense counsel cannot contact Plaintiff." *Id.* (collecting cases); *see also Wilson v. New York Corr. Dep't*, No. 22 Civ. 8863 (AS), 2023 WL 8039361, at *2 (S.D.N.Y. Nov. 20, 2023) (dismissing *pro se* case for failure to prosecute where plaintiff "failed to provide an updated address for . . . five months" and was "on notice that his failure to update his address would result in dismissal"); *Mena v. City of New York*, No. 15 Civ. 3707 (ALC), 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case"). In any event, the Court's Individual Rules and Practices in Civil *Pro Se* Cases also state that "[e]ach *pro se* party must maintain a current mailing address of record. . . . If a *pro se* party fails to maintain a current mailing

4

address of record, the *pro se* party's claims may be dismissed." Indiv. R. & Pracs. in Civ. *Pro Se Cases* 2. Plaintiff has not submitted any change-of-address notification to the Court.

Third, Defendants "are likely to be prejudiced by further delay in the proceedings." *Lucas*, 84 F.3d at 535. Plaintiff's "inaccessibility has delayed this case for" two years. *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013). Under these circumstances, "prejudice is presumed." *Id.* (deeming prejudice presumed where plaintiff was "completely inaccessible" and caused "at least a seven-month delay in prosecuting this action"); *see also Hibbert*, 2000 WL 977683, at *3 (holding that *pro se* "plaintiff's delay [was] neither moderate nor excusable" and presuming prejudice to defendant where "[t]he record [was] devoid of any explanation for plaintiff's complete inaction and failure to respond . . . for over six months").

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. "[T]he Court has issued two Orders pressing Plaintiff to participate in this action[,] . . . [h]e has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further." *Evans v. City of Yonkers*, No. 19 Civ. 00794 (PMH), 2020 WL 7496356, at *3 (S.D.N.Y. Dec. 18, 2020). "Conduct such as occurred here[,]" where Plaintiff has effectively abandoned his case, "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (noting that a "consideration of the five *Lucas* factors . . . justif[ied] the sanction imposed."); *see Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01 Civ. 3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed her mind or the court lost

5

patience."). In issuing the Orders described above, ECF Nos. 31-32, 34, the Court afforded Plaintiff "a fair chance to be heard." *Lucas*, 84 F.3d at 535.

Finally, the Court finds that "a sanction less drastic than dismissal" will not suffice. *Id.* Plaintiff has not shown any interest in prosecuting this case—for example, by "request[ing] additional time to litigate his . . . claims[,]" or by "represent[ing] . . . that [he was] prepared to prosecute those claims diligently." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute). "The Court has given Plaintiff opportunities to be heard, but Plaintiff has refused to prosecute this case, notwithstanding the Court's repeated warnings." *Melancon v. New York City Dep't of Educ.*, No. 19 Civ. 10040 (MKV), 2023 WL 123199, at *3 (S.D.N.Y. Jan. 6, 2023); *see also Ruzsa v. Rubenstein & Sendy Attys. at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."). Given Plaintiff's *pro se* status, however, "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants." *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (internal quotation marks omitted) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions."); *see also Gabino v. S&P 72 Corp.*, No. 16 Civ. 06541 (JLR), 2023 WL 5016548, at *2 (S.D.N.Y. Aug. 7, 2023) (finding "dismissal without prejudice [was] a less harsh, and more appropriate, sanction for [*pro se*] Plaintiff's failure to communicate with the Court or to comply with the Court's orders.").

### III. CONCLUSION

The Court hereby dismisses this case without prejudice, pursuant to Rule 41(b), for failure to prosecute and to comply with the Court's Orders. The Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated: June 10, 2024
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge